# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 3:20-cv-00471-MR

| | | |
|---|---|---|
| ALTONEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KILOLO KIJAKAZI,[1] Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 18].

## I.    BACKGROUND

The Plaintiff initiated this action on August 24, 2020, seeking review of the denial of his claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

The Commissioner filed an Answer to the Plaintiff's Complaint on May 10, 2021. [Doc. 10]. On August 16, 2021, the Plaintiff filed his motion for summary judgment. [Doc. 11]. On October 15, 2021, the Defendant filed a consent Motion for Reversal and Remand. [Doc. 15].

On October 26, 2021, the Court entered an Order granting the Defendant's Consent Motion for Reversal and Remand, thereby remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16]. On January 24, 2022, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). [Doc. 18]. Specifically, the Plaintiff seeks an award in the amount of $8,786.62, representing 40.48 hours of work performed by his attorneys George Piemonte and Denise Sarnoff[2] at the rate of $208.67 to $219.63 per hour, as well as an award of costs in the amount of $150.00. [See Docs. 18, 19-2]. On February 7, 2022, the Commissioner filed a Memorandum opposing the Plaintiff's request for attorney's fees. [Doc. 21]. On February 14, 2022, the Plaintiff filed a Reply to the Commissioner's Memorandum in opposition. [Doc. 22].

---

[2] The Court notes that attorney Sarnoff appears on the Plaintiff's brief as the attorney "on the brief." [Doc. 14 at 28]. Counsel is reminded that, under the Local Rules, each attorney appearing of record in any matter, including "on the brief," must file a notice of appearance. See LCvR 83.1(e).

2

Having been fully briefed, this matter is ripe for disposition.

## II.     DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action and is therefore entitled to a fee award, the Commissioner argues that the number of hours claimed by the Plaintiff is excessive and includes tasks that are non-compensable.[3] [Doc. 21]. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced.  [Id.].

### A.     Hourly Rate

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon

---

[3] The Commissioner does not object to the hourly rates sought by the Plaintiff's counsel. [Doc. 21 at 1-2 n.1].

3

> prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion.  Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

The Plaintiff requests an hourly rate of $208.67 to $219.63 for services performed by his attorneys from August 2020 through August 2021.  [Doc. 19-2 at 3].  The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the United States (hereinafter "CPI-Urban"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case—August 2020 through August 2021.  [Docs. 19-2, 19-3].  The Plaintiff then applied that percentage increase to the statutorily set rate of $125.00 per hour.  [Id.].  The Commissioner does not challenge the Plaintiff's hourly rate computation.  [Doc. 21 at 1-2 n.1].

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to

4

calculate that adjustment. See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); Peek v. Astrue, No. 1:09cv301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that the CPI-Urban is "[c]ustomarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban for 2020 to calculate the cost-of-living adjustment. During the time the Plaintiff's attorneys worked on her case, the adjusted hourly rate for the Plaintiff's legal work fluctuated from $208.67 per hour in August 2020 to $219.63 per hour in August 2021. [See Docs. 19-2, 19-3]. Accounting for this range, the Court will award the Plaintiff fees based on an average hourly rate of $208.67 per hour for work performed by counsel in August 2020 and an average hourly rate of $219.63 per hour for work performed by counsel in August 2021.

B.    Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. See Hensley

v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to determine what constitutes a reasonable fee award. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 40.48 hours of work on this case. [Doc. 18]. Attorney Sarnoff claims a total of 30.0 hours of work on the Plaintiff's case, all of which relates to preparing the summary judgment brief. [Doc. 19-2 at 1-2]. Attorney Piemonte claims 0.5 hours of work for reviewing the case and merits memo prior to filing an appeal, 1.0 hours of work for preparing the Complaint and supporting documents, and 1.0 hours editing the summary judgment brief, for a total of 2.5 hours of work on the Plaintiff's case. [Id.]. In addition, an unidentified individual – "EJM" – claims 7.98[4] hours for reviewing the file and drafting a merits memo prior to the filing of an appeal in this case. [Doc. 19-2 at 1].

The Commissioner argues that the time spent preparing the summary judgment brief is excessive and includes time for the non-compensable task of preparing a medical index. [Doc. 21 at 2-9]. The Plaintiff, on the other hand, claims that counsel's hours are reasonable and compensable. [Doc. 22]. Specifically, the Plaintiff contends that the time Attorney Sarnoff claims

---

[4] The amount of 7.98 hours equates to seven hours, fifty-four minutes, *and 48 seconds*. The Court notes that billing by the second is an unusual practice.

for preparing the medical index is compensable because the medical index saved Attorney Sarnoff time in drafting the summary judgment brief. [Id. at 4-5]. Furthermore, the Plaintiff asserts that the hours his counsel claims for drafting the brief is reasonable considering the fact-intensive nature of the issues involved in the case and the number of hours compensated in Social Security cases heard before other courts. [Id. at 2-12].

Upon careful review of counsel's time sheets and affidavits, the Court finds that many of the hours claimed by the Plaintiff's attorneys in litigating this matter are unreasonable because they are duplicative, excessive, and inclusive of non-compensable tasks. See Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, the unidentified "EJM" claims a total of 7.98 hours preparing a merits memo prior to the filing of the Complaint in this case. [Doc. 19-2 at 1]. This time spent is not supported by an affidavit and the Plaintiff does not provide any explanation or argument in support of this time. Moreover, Attorney Piemonte filed the Complaint in this matter. The Court finds that the time "EJM" spent drafting a merits memo unsupported, excessive, and duplicative. See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012 WL 1340671,

7

at *3 (W.D.N.C. Apr. 18, 2012) (deducting the time two attorneys spent reviewing summary judgment briefs drafted by another attorney). Accordingly, the Court will deduct the total 7.98 hours from the time claimed by "EJM."

Second, Attorney Piemonte claims a total of 0.5 hours reviewing the merits memo prepared by "EJM" and 1.00 hours spent reviewing Attorney Sarnoff's draft of the summary judgment memorandum. [Doc. 19-2 at 1-2]. This time spent by Attorney Piemonte is in addition to preparing the Complaint and supporting documents in this case, as well as in addition to the 4.0 hours Attorney Sarnoff already claims for finalizing and editing the summary judgment memorandum. [Id.]. The Court finds the time Attorney Piemonte spent reviewing the merits memo and the work of his co-counsel both duplicative and excessive. See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (deducting the time two attorneys spent reviewing summary judgment briefs drafted by another attorney). Accordingly, the Court will deduct 1.5 hours from the time claimed by Attorney Piemonte.

8

Third, Attorney Sarnoff entries include the completion of non-compensable clerical tasks. Attorney Sarnoff does not delineate between the time spent on preparing the summary judgment memorandum and the time spent on completing the "medical index." [See Doc. 19-2 at 1-2]. In total, Attorney Sarnoff claims – in only five separate billing entries – 30.0 hours for time spent related to preparing the summary judgment memorandum and comingled with work on the "medical index." [Doc. 19-2 at 1-2; See also Doc. 14-1 (medical index)]. Generally, clerical tasks are not compensable. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "A prevailing party may recover fees only for work that is traditionally done by an attorney." Thayer v. Saul, No. 3:19-CV-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

The Plaintiff's medical index identifies and summarizes the medical records located in the administrative record but contains no "formal legal analysis." Id.; [See Doc. 14-1]. While the medical index may be a helpful tool for drafting the summary judgment brief, the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task. See Jenkins, 491 U.S. at 288 n.10 (noting that some tasks are clerical "regardless of who performs them" and the value of non-legal work does not increase "'just because a lawyer does it'" (citation

9

omitted)).  Additionally, the medical index is duplicative of the court transcript index included with the administrative record.  [Compare Doc. 14-1, with Doc. 11-1 at 2-5].  Further, the Plaintiff cites directly to the administrative record in his summary judgment brief—making the Plaintiff's medical index even more superfluous.  [See, e.g., Doc. 14 at 4-6].  Therefore, the Court finds that the preparation of the medical index is a superfluous, "clerical task, which is not compensable."  Thayer, 2020 WL 4208061, at *2.  Accordingly, the Court reduces Attorney Sarnoff's time by 7.0 hours – for a total of 23.0 hours for the summary judgment brief.

Therefore, the Court finds that Attorney Piemonte reasonably spent 1.0 hours on the Plaintiff's case and Attorney Sarnoff reasonably spent 23.0 hours on the Plaintiff's case for a total of 24.0 compensable hours.  This figure is within the standard range of compensable hours for Social Security cases in this circuit.  See Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020) (collecting cases).

## III.    CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $5,260.16 in attorney's fees. The Court reached this amount by multiplying the reasonable hours expended by the Plaintiff's counsel in August 2020 – 1.0 hours – by the reasonable average rate for

those hours – $208.67 per hour; and by multiplying the reasonable hours expended by the Plaintiff's counsel in August 2021 – 23.0 hours – by the reasonable average rate for those hours – $219.63 per hour. The $5,260.16 award is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall[]'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted) (citing Hensley, 461 U.S. at 430 n.4).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 18 at 1]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA award in favor of counsel. [Doc. 19-1 at 1]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and— upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)     The Plaintiff's Motion [Doc. 18] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Five Thousand Two Hundred and Sixty Dollars and Sixteen Cents ($5,260.16), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2)     Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset.  And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3)     **IT IS FURTHER ORDERED** that One Hundred and Fifty Dollars ($150.00) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury;

(4)     In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-

due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5)    No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge